NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 22 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KUN CHEN,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    18-72467

Agency No. A209-875-791

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 15, 2020
Portland, Oregon

Before:  BYBEE and VANDYKE, Circuit Judges, and CHHABRIA,[**] District Judge.

Kun Chen of Fujian, China petitions for review of the Board of Immigration Appeals' (BIA) decision affirming the Immigration Judge's (IJ) denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).  Chen testified before the IJ that Chinese police

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Vince Chhabria, United States District Judge for the Northern District of California, sitting by designation.

arrested him prior to services commencing at his first Christian gathering. Chen claimed that the police detained him for a month, beat him, deprived him of food, and after his release harassed him daily for the next six months. The IJ asked for documents to corroborate this testimony, and Chen provided unauthenticated copies of medical and detention records with a brief affidavit from his parents. The IJ determined Chen's testimony was not credible and his corroborating documents were insufficient to meet his evidentiary burden. The BIA affirmed the IJ's denial of Chen's petition for all three forms of relief on the latter ground—that Chen's corroborating documents were inadequate to carry his burden of proof.

"We review denials of asylum, withholding of removal, and CAT relief for substantial evidence and will uphold a denial supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017) (citation and quotation marks omitted). "A finding by the IJ is not supported by substantial evidence when any reasonable adjudicator would be compelled to conclude to the contrary based on the evidence in the record." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (citation and quotation marks omitted). Where the IJ finds "the testimony is not sufficient by itself, then the IJ may require corroborative evidence." *Wang*, 861 F.3d at 1009. When requested, "such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the

evidence." *Ren v. Holder*, 648 F.3d 1079, 1090–91 (9th Cir. 2011) (quoting 8 U.S.C. § 1158(b)(1)(B)(ii)). Failure to provide sufficient corroborating evidence is an "alternative ground" on which applications may be denied. *Id.* at 1089.

The BIA's determination regarding the corroborating evidence is supported by substantial evidence. Though Chen's corroborating documents provide some support for his claims, they do not directly address key portions of his prior testimony regarding his specific mistreatment. The IJ and the BIA justifiably afforded Chen's unauthenticated photocopies little weight because Chen could not explain how the documents were obtained or sent to his counsel. "Immigration judges retain broad discretion to accept a document as authentic or not based on the particular factual showing presented." *Vatyan v. Mukasey*, 508 F.3d 1179, 1185 (9th Cir. 2007). Given the "highly deferential standard of review," we are not compelled to reverse the BIA's determination. *Aden v. Holder*, 589 F.3d 1040, 1046 (9th Cir. 2009).

Accordingly, the petition for review is **DENIED**.